J-S40025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFFORD JOSEPH KAROLSKI | : | |
| | : | |
| Appellant | : | No. 80 WDA 2019 |

Appeal from the PCRA Order Entered December 31, 2018
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000177-2016,
CP-04-CR-0000342-2013, CP-04-CR-0000762-2015,
CP-04-CR-0000765-2012

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED OCTOBER 31, 2019**

Clifford Joseph Karolski appeals from the order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We quash this appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018).

Karolski filed the instant PCRA petition on February 26, 2018, addressing four trial court docket numbers. **See** PCRA Petition, filed 2/26/18 (listing docket numbers CP-04-CR-0000765-2012, CP-04-CR-0000342-2013, CP-04-CR-0000762-2015, and CP-04-CR-0000177-2016). Karolski's PCRA petition alleged the ineffectiveness of trial counsel, Timothy Carland, Esquire, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

identified the convictions at issue as those for corruption of minors, aggravated indecent assault, and criminal mischief. PCRA Petition at 1, 5.

The PCRA court appointed counsel who filed a **Turner/Finley** letter with the court and a motion to withdraw as counsel.[1] **See Turner/Finley** Letter, filed 11/26/18. The court granted counsel's motion and entered an order denying Karolski's PCRA petition with a caption containing all four docket numbers. **See** Order and Preliminary Notice, filed 11/28/18; Final Order, filed 12/31/18.

Karolski filed a single notice of appeal, listing all four docket numbers. The trial court stated in its Pa.R.A.P. 1925(a) opinion that it did not consider Karolski's having done so to be a problem. The court explained that, in its view, Karolski's PCRA petition, despite listing multiple docket numbers, only raised issues as to a single docket number, the one ending in 762. **See** 1925(a) Op., filed 2/26/19, at 1 n.1.

In **Walker**, our Supreme Court stated that "when a single order resolves issues arising on more than one . . . docket, separate notices of appeal must be filed." 185 A.3d at 977. The Court directed that in subsequent cases, the failure to abide by this rule would result in the quashing of the appeal. **Id.**

The Supreme Court decided **Walker** on June 1, 2018, and Karolski filed his notice of appeal on January 17, 2019. **Walker** therefore applies here. The suggestion of the trial court and counsel that **Walker** does not apply because

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Karolski only raises issues relating to a single docket, the docket number ending in 762, is meritless. Attorney Carland represented Karolski not only on the docket number ending in 762, but also on the docket number ending in 177, and Karolski's PCRA petition identifies the convictions from both dockets. Although Karolski's PCRA petition makes some claims relating to continuances appearing only on the docket number ending in 762, other allegations are applicable to either docket. Karolski's notice of appeal is from an order resolving issues on more than one docket, and in violation of **Walker**, Karolski filed a single notice of appeal. We therefore quash this appeal.

Appeal quashed.

President Judge Emeritus Bender joins the Memorandum.

Judge Pellegrini files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/31/19